UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIANO GERMAINE SMITH, | No. 2:19-cv-2107 TLN CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, | |
| Defendant. | |

By order filed April 7, 2020, the undersigned screened the complaint and dismissed it with leave to amend. (ECF No. 9.) Plaintiff has now filed a first amended complaint. (ECF No. 12.)

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550

1

U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Complaint

The first amended complaint alleges that Chief Engineer Frost and Associate Warden Thomas violated plaintiff's Eighth Amendment rights. (ECF No. 12.)  Plaintiff alleges that Frost failed "to replace or troubleshoot and fix" the boilers at the prison which led to water restrictions imposed by Thomas. (Id. at 3.)  Under the water restrictions, inmates were not permitted to use water for showers and Thomas instructed Frost to rent and install replacement boilers until the unit boilers could be fixed. (Id.)  As a result, plaintiff went six and a half days without a shower, causing rashes between his thighs, cysts, boils, and humiliation from body odor. (Id.)

////

III.     Failure to State a Claim

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted).

The complaint fails to state a claim under the Eighth Amendment because being unable to shower for six and a half days, while unpleasant, is not sufficiently serious to constitute an Eighth Amendment violation. Davenport v. DeRobertis, 844 F.2d 1310, (7th Cir. 1988) (limiting prisoners in segregation to one shower per week did not violate Eighth Amendment); Rice v. King County, 243 F.3d 549 (9th Cir. 2000) (unpublished table decision) (denial of shower for ten days not a serious deprivation); Richard v. Aldridge, No. 2:19-cv-2006 DB, 2020 WL 469348, at *2, 2020 U.S. Dist. LEXIS 16813, at *5-6 (E.D. Cal. Jan. 29, 2020) (five-day denial of shower did not rise to level of deliberate indifference ) (collecting cases). Furthermore, plaintiff has not shown that either defendant was aware of a risk to plaintiff's health or safety from the brief deprivation and the allegations show that they took steps to fix the problem.

IV.     No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

3

Given the nature of the deprivation complained about, the undersigned finds that the complaint fails to state a claim for relief and that amendment would be futile. The complaint should therefore be dismissed without leave to amend.

V.     Plain Language Summary of this Order for a Pro Se Litigant

The first amended complaint should be dismissed because not being able to shower for six and a half days is not serious enough to be a violation of your constitutional rights and defendants took steps to fix the problem. Because the temporary denial of a shower does not violate your Eighth Amendment rights, it is being recommended that the complaint be dismissed without leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that the first amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 10, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:smit2107.ac.dimiss.f&r